FILED
JUN 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARCELLUS M. MASON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08 1143 |
| | ) | |
| THOMAS K. KHAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

In 1999, plaintiff, proceeding *pro se* and *in forma pauperis*, filed an employment discrimination case in the United States District Court for the Southern District of Florida against the Highlands County Board of County Commissioners, Heartland Library Cooperative, and other government entities and officials. Compl. ¶ 13. In June 2000, a Magistrate Judge issued an Order "prohibit[ing] [plaintiff] from contacting any of the Defendants . . . regarding any matter related to this case." *Id.* ¶ 18. In July 2000, at the defendant Commissioners' request, the Magistrate Judge issued an Order "prohibiting direct Florida Public Record requests between [plaintiff] and the local government defendants." *Id.* ¶ 19. Plaintiff's alleged violations of these Orders apparently resulted in dismissal of the suit, an award of attorney's fees to defendants, plaintiff's appeals to the United States District Court for the Eleventh Circuit, criminal contempt proceedings, and lawsuits against the judges assigned to plaintiff's cases. *Id.* ¶¶ 24-28, 61-64,

72, 82.

In this action, plaintiff alleges that the issuance of the June and July 2000 injunction orders, rulings on his various applications to proceed *in forma pauperis*, and resulting unpublished opinions and orders violated rights protected by the First, Fifth and Sixth Amendments to the United States Constitution. *See* Compl. ¶¶ 92-138. In addition to monetary damages and other relief, plaintiff demands that the injunction orders issued in his employment discrimination case be declared unconstitutional. *See id.* ¶ 160.

Assuming without deciding that plaintiff brings cognizable claims against defendants who are amenable to suit, the complaint fails to state claims on which relief can be granted. Generally, a federal district court cannot review decisions rendered by another district court. Rather, the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

The Court will dismiss this action. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Ricardo M. Urbina
United States District Judge

Date: 6/20/2008